UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUSA PHARMACEUTICALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ANDREA WILLEY, <br><br> Defendant. | No. 2:19-cv-01155 MCE AC <br><br><br> FINDINGS AND RECOMMENDATIONS |

This matter is before the court on plaintiffs' motion for default judgment (ECF No. 14) and defendant's motion to set aside default (ECF No. 22). These motions were referred to the undersigned pursuant to E.D. Cal. R. 302(c)(19). Finding no hearing necessary, the matters were taken under submission by the court. ECF No. 32. For the reasons stated below, the court recommends defendant's motion to set aside default be GRANTED and plaintiff's motion for default judgment be DENIED as moot.

I. Background

Plaintiff filed its complaint on June 21, 2019. ECF No. 1. Plaintiff filed its certificate of service on August 1, 2019. ECF No. 9. Plaintiff requested entry of default on August 16, 2019 (ECF No. 10), and default was entered on August 19, 2019 (ECF No. 11). Plaintiff filed a motion for default judgment on September 5, 2019 and noticed the hearing for October 9, 2019. ECF No. 14. The parties stipulated to a continuance on the hearing on October 15, 2019, and the hearing

was re-set to December 4, 2019. ECF Nos. 16, 17, 18. Defendant moved to set aside default on November 11, 2019, with a hearing date set for December 18, 2019. ECF No. 22. Both matters were ultimately taken under submission. ECF No. 32.

## II. Analysis

### A. Legal Standard

The Federal Rules provide that a "court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). To determine "good cause," a court must "consider[ ] three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice" the other party. See Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc., 375 F.3d 922, 925–26 (9th Cir. 2004). This standard, which is the same as the one used to determine whether a default judgment should be set aside under Rule 60(b), is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default. See id. Crucially, however, "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984); see also Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1103 (9th Cir. 2006); Speiser, Krause & Madole P.C. v. Ortiz, 271 F.3d 884, 890 (9th Cir. 2001); TCI Grp. Life Ins. Plan v. Knoebber, 244 F.3d 691, 695–96 (9th Cir. 2001), as amended on denial of reh'g and reh'g en banc (May 9, 2001). Additionally, "[w]hile the same test applies for motions seeking relief from default judgment under both Rule 55(c) and Rule 60(b), the test is more liberally applied in the Rule 55(c) context." Cracco v. Vitran Exp., Inc., 559 F.3d 625, 631 (7th Cir. 2009) (quotations and citations omitted). This is because in the Rule 55 context there is no interest in the finality of the judgment with which to contend. See Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986).

### B. There is Good Cause to Set Aside Default in This Case

Entry of default in this case should be set aside because it is clear that (1) defendant did not engage in culpable conduct; (2) defendant has potentially meritorious defenses which she is

entitled to litigate; and (3) setting aside default would not prejudice plaintiff. See Franchise Holding II, LLC, 375 F.3d at 925–26.

### 1. Culpable Conduct

The court finds that defendant did not engage in culpable conduct. "A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer . . . [I]n this context the term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process." United States v. Signed Pers. Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1092 (9th Cir. 2010) (internal citations omitted).

There is no evidence here that defendant's conduct was culpable. Defendant submitted a sworn statement in which she testified that her attorney was working with plaintiff's counsel to resolve ongoing disputes between them, and that when she received the summons and complaint in this case, she sent them to her counsel and assumed, albeit incorrectly, that as long as her attorney was talking to defense counsel that she did not have to take any action. ECF No. 22-2. Plaintiff argues that sophisticated defendants represented by counsel are held to a higher standard, and that notice of the litigation with failure to act is sufficient to find conduct capable. ECF No. 31 at 7-8. The court disagrees with this reading of Ninth Circuit case law. While it is true that more is expected of a sophisticated defendant represented by counsel than of a pro se litigant, the conduct must still be such that there "is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." Mesle, 615 F.3d at 1092. For example, in the Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc. case on which plaintiff relies, the represented defendant "failed to file anything with the district court until after [the plaintiff] *began collecting on the default judgment*." 375 F.3d 922, 926 (9th Cir. 2004) (emphasis added). Such conduct is not analogous to the conduct at issue in this case. There is no evidence of culpable conduct here.

////

### 2. Potentially Meritorious Defenses

Defendant has indicated that she has potentially meritorious defenses which she should be allowed to litigate. This "is an action for breach of contract, breach of implied covenant of good faith and fair dealing, breach of fiduciary duty, unfair competition, and unjust enrichment arising from a contractual relationship between DUSA and Dr. Willey." ECF No. 1 at 1. The case is complex and involves a patent application which plaintiff claims was improperly filed by defendant. ECF No. 1 at 10-12. Defendant has submitted briefing asserting that plaintiff's complaint makes several erroneous factual allegations. See ECF No. 37 at 4-5. A case such as this, with complex claims, facts, and defenses, is exactly the type of case that is best resolved on the merits.

### 3. Prejudice to Plaintiff

Finally, lifting the entry of default will not prejudice plaintiff. Plaintiff argues that setting aside default will prejudice its ability to prosecute the patent at issue in the case because the patent is currently in the prosecution process, and there is a January 2020 deadline for the patent application to enter national phase of prosecution. ECF No. 31 at 13. This argument is unpersuasive. Plaintiff filed this case in late June of 2019 in one of the most impacted federal courts in the nation. ECF No. 1. Surely plaintiff does not believe that the court would have adjudicated the merits of this case by January of 2020, had plaintiff only timely appeared. Any such belief would be objectively unreasonable, and cannot support prejudice. The delay at issue here is one of a few months, at most. For all these reasons, the court finds no prejudice to plaintiff from lifting the default.

For all these reasons, this case does not present circumstances which overcome the general policy favoring adjudication on the merits. Accordingly, the motion to set aside default should be granted.

### C. Plaintiffs' Motion for Default Judgment is Moot

Because defendant's motion to set aside default judgment should be granted, plaintiff's motion for default judgment (ECF No. 14) must necessarily be denied as moot.

////

4

### III. Conclusion

For the reasons set forth above, IT IS HEREBY RECOMMENDED defendant's motion to set aside default (ECF No. 22) be GRANTED and plaintiff's motion for default judgment (ECF No. 14) be DENIED as moot. Further, it is recommended that defendant be ordered to file a proper answer to the complaint within 14 days of entry of the District Judge's order on this matter.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: December 17, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE